IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

ROBERT DAWDY, JR.,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

No. C 10-4063-MWB

MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S FEE APPLICATION

_____

    This case comes before me on plaintiff Robert Dawdy, Jr.'s March 20, 2012, Fee Application under the Equal Access to Justice Act (docket no. 27). On January 20, 2012, I entered judgment in favor of Dawdy and remanded for further proceedings, after determining that the Commissioner's denial of benefits was neither supported by substantial evidence nor based on proper legal standards. The Commissioner responded to Dawdy's Fee Application on April 3, 2012, and indicates that the parties have agreed to an EAJA award of $4,500.00 for both fees and expenses.

    "[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the Equal Access To Justice Act (EAJA), "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances make an award unjust.*" 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor,

such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, Dawdy is the clear prevailing party and timely filed his fee application. He alleges that "[t]he government's position was not substantially justified[,]" *see* docket no. 27 at 1, and I agree. Moreover, the Commissioner does not object to the award of fees and expenses to Dawdy, and the parties have agreed that a combined award of fees and expenses of $4,500.00 is reasonable. I agree that $4,500.00 in fees and expenses is reasonable. Dawdy's counsel worked a total of 27.5 hours on this case, 4.7 hours in 2010 and 22.8 hours in 2011, and reports $61.30 in costs. The hourly rate for Dawdy's counsel's work, therefore, is approximately $163.41. Although the statutory rate is set at $125, courts may, and regularly do, adjust fee rates upward from the statutory rate in order to account for cost of living increases. *See Johnson*, 919 F.2d at 505. As Dawdy reports, and the Commissioner does not contest, the fee rate, adjusted upward according to the consumer price index for cost of living increases, is $175.06 for 2010 and $180.59 in 2011. Thus, Dawdy's requested rate of $163.41, well below these rates, is reasonable to account for cost of living increases.

Therefore, Dawdy's Fee Application (docket no. 27) is **granted**. Dawdy is awarded **$4,500.00** in fees and expenses. Pursuant to *Astrue v. Ratliff*, ___U.S. ___, 130 S. Ct. 2521 (2010), this award is payable directly to Dawdy and is subject to any preexisting debts Dawdy may owe to the United States. *See id.* at 2524-26.

**IT IS SO ORDERED.**

**DATED** this 12th day of April, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA